786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re: BETTYE HIGHT VAN METER, Debtor.
 84-6005
 United States Court of Appeals, Sixth Circuit.
 2/6/86
 
 M.D.Tenn.
 APPEAL DISMISSED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: MERRITT, JONES, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the District Attorney General in Davidson County, Tennessee, from an order of the United States District Court granting an injunction against the acceptance of restitution by two employees who had received worthless payroll checks signed, apparently, by Plaintiff-Appellee Van Meter before she went bankrupt. After the appeal was filed we were presented with two motions to consider post-judgment facts. We shall grant the motions and dismiss the appeal.
 
 
 2
 * Mrs. Van Meter signed payroll checks made out to Mesdames Luter and Lollar in a total amount of $280.20. The checks bounced. The payees executed affidavits on the basis of which worthless check charges were brought against Mrs. Van Meter in a Tennessee Court of General Sessions. Mrs. Van Meter says the payees told her they would not prosecute if the checks were paid.
 
 
 3
 After filing a bankruptcy petition under Chapter 7 of the Bankruptcy Code, Mrs. Van Meter asked the Bankruptcy Court to enjoin the District Attorney General, Luter, and Lollar from any further act in connection with the prosecutions. The Bankruptcy Court did not grant any injunctive relief against the District Attorney General, but did enjoin Lollar and Luter 'from accepting any ordered restitution as a result of the prosecution . . ..' (There had been no order of restitution at that point, nor has there been since.)
 
 
 4
 The District Attorney General appealed to the U.S. District Court. That court dismissed the appeal in an order that permitted the District Attorney General to proceed with the prosecution, but enjoined 'the payment of money as restitution or the acceptance of any restitution by any of the defendants . . ..' The injunction had no impact on the District Attorney General, of course, there being no prospect of his either paying or accepting any money as restitution.
 
 
 5
 The District Attorney General appealed to this court, asking us to decide, as a matter of first impression in this circuit, whether bankruptcy courts may enjoin the payment or acceptance of restitution ordered in state court criminal proceedings.
 
 
 6
 After the Attorney General's brief had been filed here, Mrs. Van Meter filed a motion to consider post-judgment facts. Her motion represented that the prosecutions initiated by the District Attorney General had been dismissed for lack of probable cause.
 
 
 7
 In her brief on the merits, Mrs. Van Meter suggested that there is no justiciable case or controversy between her and the District Attorney General; that the dismissal of the prosecutions rendered the issues in this case moot; and that there is a split of authority as to the proper role of bankruptcy courts in situations like this. Given the difficult questions of comity and federalism this case presents, Mrs. Van Meter invited us to conclude that it would be injudicious for us to venture into this mare's nest even if we had constitutional authority to do so.
 
 
 8
 The Attorney General countered with his own motion to consider post-judgment facts, representing that worthless check cases against Mrs. Van Meter were presented to a Davidson County grand jury after the Court of General Sessions had dismissed the prosecutions that were before it. The Attorney General argues in a reply brief that he has standing to pursue this appeal, and that there is no mootness problem because dismissal of the bad check cases at the Court of General Sessions level does not bar the District Attorney General from seeking an indictment from a grand jury, as he has in fact done. The issue presented here 'is one that is repeatedly raised in the bankruptcy courts,' he tells us, and he asks us to 'make a determination which will be binding in this Circuit.'
 
 II
 
 9
 This does not strike us as the kind of case in which we should make the important determination sought by the District Attorney General. As Mrs. Van Meter has pointed out, this litigation bristles with difficult questions of standing, mootness, ripeness, comity, and federalism. These issues would have to be thoroughly ventilated before we could properly hand down the kind of important precedent the Attorney General wants us to establish.
 
 
 10
 The briefs of both parties in this case are exceptionally clear, concise, and well written, but the amount in controversy obviously does not merit a full court press. The parties did not even choose to have an oral argument, indeed, electing to have the matter submitted on the briefs instead. That is not the way we like to decide important questions.
 
 
 11
 In our judgment the case is not ripe for decision. See Young v. Klutznick, 652 F.2d 617, 625-6 (6th Cir. 1981), cert. denied, 455 U.S. 939 (1982). No order of restitution has been entered by a Tennessee Court, and for aught we know none ever will be. There is no showing of any imminent risk that a restitution order will be entered and honored before a federal court can take a look at the situation. It will be time enough to address the propriety of enjoining acceptance of restitution when and if the need to do so actually arises. We shall therefore dismiss the appeal without prejudice to whatever right the Attorney General may have to raise the question again if a restitution order is ever issued.
 
 
 12
 Both of the motions to consider post-judgment facts are GRANTED. The appeal itself is DISMISSED.